UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.V. & Sons Trucking, Inc., | Case No. 20-cv-2538 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Asset Vision Logistics, LLC, | |
| Defendant. | |

Peter J. Gleekel and Alex Kroeger, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101 (for Plaintiff); and

Devan V. Padmanabhan, Erin O. Dungan, and Paul J, Robbennolt, Radmanabhan & Dawson, P.L.L.C., 45 South Seventh Street, Suite 2315, Minneapolis, MN 55402 (for Defendant).

## I. BACKGROUND

On March 5, 2025, among other things, the Court ordered Defendant Asset Vision Logistics, LLC to pay Plaintiff J.V. & Sons Trucking, Inc.'s reasonable attorney fees and costs associated with its Motion to Compel, ECF No. 203. *See* ECF No. 215. The Court ordered Plaintiff to file "an affidavit of counsel, setting forth the reasonable expenses, including attorney fees, incurred in bringing its motion." *Id*. Defendant was given an opportunity to "file a response to the amounts requested by Plaintiff." *Id*.

In its Attorney Fee Affidavit of Peter J. Gleekel in Support of Sanctions, ECF No. 216, Plaintiff requests a total attorney fee award of $2,060.00, for 5.60 hours of work at an hourly rate of $450 for Attorney Gleekel's legal services and $250 per hour for Attorney

1

Alex Kroeger's legal services. *Id.* ¶¶ 5-7. Defendant did not file any response or objection to the Affidavit.

## II. ANALYSIS

The Court already determined that an award of reasonable attorney fees and costs is appropriate. *See* ECF No. 215. Federal courts have "substantial discretion" when determining the reasonableness of attorney fees. *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084-85 (8th Cir. 2000); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorney fees bears the burden of showing that the fees sought are reasonable. *Hensley*, 461 U.S. at 437. To address reasonableness of fees, courts use the "lodestar" method set forth in *Hensley*. *See Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986). Under the "lodestar" approach, the amount is presumed to be the reasonable fee to which counsel is entitled. *Id.* at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). To calculate the amount, federal courts multiply the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

"[C]ourts must determine whether the hours claimed were reasonably expended . . . [and] should weigh the hours claimed against their own knowledge, experience, and expertise of the time required to complete similar activities." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018) (quotation and citations omitted). "Hours that are excessive, redundant, or otherwise unnecessary must be excluded from the district court's

determination of reasonable time expended on the case." *Miller v. Dugan*, 764 F.3d 826, 832 (8th Cir. 2014) (quotation omitted). At the same time, however, "[q]uantifying the appropriate level of 'lawyering' is not an exact science." *J.W. ex rel. Tolbert v. Saint Paul Pub. Schs. Indep. Sch. Dist. No. 625*, 12-cv-1369 (DWF/JSM), 2013 WL 5177471, at *6 (D. Minn. Sept. 13, 2013); *see, e.g.*, *In Re Nat'l Hockey League Players' Concussion Inj. Litig.*, MDL No. 14-2551 (SRN/BRT), 2017 WL 3276873, at *5 (D. Minn. July 31, 2017) ("[N]o precise rule or formula applies to the determination of reasonableness of the time expended."). The party seeking attorney fees bears the burden to establish entitlement to an award with documentation that addresses the nature of the work, and the appropriateness of the hourly rates and hours expended. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

The Court finds the requested hourly rates reasonable. Based on both the Affidavit and the Court's knowledge of and experience with the prevailing rates in this legal market, the Court finds that the rates requested by Plaintiff ($450 per hour for legal services from a partner and $250 per hour for legal services by an associate attorney) to be reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience. *See Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

The Court further finds that the number of hours Plaintiff's counsel expended on the motion to be reasonable. When conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (quotation omitted). Therefore, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."

3

*Id*. The record reflects that Plaintiff's counsel spent 5.60 hours on matters related to the motion to compel, including drafting correspondence, conferring, drafting the motion, and appearing in court to argue the motion. Aff. ¶ 6.

The Court has reviewed the Affidavit submitted by Plaintiff's counsel and finds the Affidavit supporting the fee request for 5.60 hours to be detailed and reasonable. The Court further finds that Plaintiff's counsel reasonably expended these hours and that the hours are not "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434. Based on the record before the Court, the Court concludes that Plaintiff's counsel reasonably expended 5.60 hours, and Plaintiff is awarded reasonable attorney fees and costs in the amount of $2,060.00.

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff is awarded reasonable attorney fees and costs in the amount of $2,060.00.

2. **These amounts shall be paid by Defendant to Plaintiff within 30 days from the date of this Order.**

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April 3, 2025

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*J.V. & Sons Trucking, Inc. v.*
*Asset Vision Logistics, LLC*
Case No. 20-cv-2538 (KMM/TNL)